UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MWS ENTERPRISES, INC. and
KBJ HOLDING CO., INC.,

                            Plaintiffs,

vs.                                              Civ. Action No.: 15-cv-000926
                                                      (FPG/LGF)

CHEVRON U.S.A. INC.,
CHEVRON ENVIRONMENTAL
MANAGEMENT COMPANY,
and
GULF OIL CORPORATION,

                         Defendants/Third-Party Plaintiffs,

vs.

MIL-MART, INC., and
MILDRED LOGEL,

                            Third-Party Defendants.

---

## ANSWER TO COUNTERCLAIMS
## OF THIRD-PARTY DEFENDANTS MIL-MART, INC.
## AND MILDRED LOGEL

       Plaintiffs MWS Enterprises, Inc. and KBJ Holding Co., Inc. (collectively,

"Plaintiffs"), by their attorneys Rupp Baase Pfalzgraf Cunningham LLC, as for their Answer to

the Counterclaims of Third-Party Defendants Mil-Mart, Inc. and Mildred Logel ("Collectively,

the "Logel Parties" or "Third Party Defendants"), dated July 14, 2017, respond as follows:

1.      State that no response is required to the allegations contained in Paragraph 62. To the extent that a response is required, Plaintiffs deny the allegations contained in Paragraph 62.

2.      Deny the allegations contained in Paragraph 63.

3.      Deny the allegations contained in Paragraph 64.

4.      Deny the allegations contained in Paragraph 65.

5.      State that no response is required to the allegations contained in Paragraph 62. To the extent that a response is required, Plaintiffs deny the allegations contained in Paragraph 62.

6.      Deny the allegations contained in Paragraph 67.

7.      State that no response is required to the allegations contained in Paragraph 68. To the extent that a response is required, Plaintiffs deny the allegations contained in Paragraph 68.

8.      Deny the allegations contained in Paragraph 69.

9.      Deny the allegations contained in Paragraph 70.

10.    Deny the allegations contained in Paragraph 71.

11.    Deny the allegations contained in paragraph 72.

12.    Plaintiffs deny all allegations contained in the Logel Parties'
Counterclaims not explicitly and expressly admitted.

**AS AND FOR PLAINTIFFS'**
**FIRST AFFIRMATIVE DEFENSE**

13.    The Third-Party Complaint fails to state a cause of action against the
Plaintiffs upon which relief may be granted.

**AS AND FOR PLAINTIFFS'**
**SECOND AFFIRMATIVE DEFENSE**

14.    Third-Party Defendants' claims are all or in part barred to the extent they
were not filed within the applicable statute of limitations periods.

**AS AND FOR PLAINTIFFS'**
**THIRD AFFIRMATIVE DEFENSE**

15.    The damages alleged in the Third-Party Complaint were caused in whole
or in part, or were contributed to by the culpable conduct and lack of care on the part of
Defendants/Third-Party Plaintiffs and/or Third-Party Defendants.

**AS AND FOR PLAINTIFFS'**
**FOURTH AFFIRMATIVE DEFENSE**

16.     The damages alleged in the Third-Party Complaint were caused solely by

the acts or omissions of Defendants/Third-Party Plaintiffs and/or Third-Party Defendants.


**AS AND FOR PLAINTIFFS'**
**FIFTH AFFIRMATIVE DEFENSE**

17.     Third Party Defendants' claims for relief under the Navigation Law are all

or in part precluded under §§172(3) and 181(4) of the New York State Navigation Law

("Navigation Law") because Defendants/Third-Party Plaintiffs' and/or Third-Party Defendants'

own acts or omissions caused or contributed to the petroleum discharge(s) alleged in the Third-

Party Complaint, rendering Defendants/Third-Party Plaintiffs and/or Third-Party Defendant

responsible for the alleged petroleum discharge(s).


**AS AND FOR PLAINTIFFS'**
**SIXTH AFFIRMATIVE DEFENSE**

18.     Without waiving their contention that they never contributed to, nor were

involved in any way with, any discharge or release of petroleum products at the Property, based

on Navigation Law § 181(4), the Plaintiffs have a defense to liability because any discharge(s)

on or to the Property were caused solely by acts and/or omissions of one or more third parties

other than employees, agents or independent contractors of the Plaintiffs, and because during any

period of time in which Plaintiffs had any connection or association with the Property, Plaintiffs:

(a) exercised due care with respect to the petroleum concerned, taking into consideration the

characteristics of petroleum and in light of all relevant facts and circumstances; and (b) took

precautions against the acts or omissions of any third party and the consequences of those acts or omissions.

**AS AND FOR PLAINTIFFS'**
**SEVENTH AFFIRMATIVE DEFENSE**

19.    Without waiving their contention that they ever contributed to, nor were involved in any way with, any discharge or release of petroleum products at the Property, Plaintiffs at all times acted with due care in compliance with all applicable statutory, regulatory and common law requirements governing the storage, handling and disposal of any substances generated or stored at the Property.

**AS AND FOR PLAINTIFFS'**
**EIGHTH AFFIRMATIVE DEFENSE**

20.    Without waiving their contention that they never contributed to, nor were involved in any way with, any discharge or release of petroleum products at the Property, neither Plaintiffs in their individual or joint capacities ever operated the Property at any time between the commencement of Third Party Defendants' ownership and operation of the Property and the time when the Property was leased to Plaintiff MWS Enterprises in 1987.

**AS AND FOR PLAINTIFFS'**
**NINETH AFFIRMATIVE DEFENSE**

21.    Third-Party Defendants' claims are all or in part barred by the equitable doctrines of laches, estoppel, unclean hands and waiver.

**AS AND FOR PLAINTIFFS'**
**TENTH AFFIRMATIVE DEFENSE**

22.     Plaintiffs have defenses based upon documentary evidence.

**AS AND FOR PLAINTIFFS'**
**ELEVENTH AFFIRMATIVE DEFENSE**

23.     Plaintiffs' claims are all or in part barred because Plaintiffs' owed no duty

to Third-Party Defendants or Defendants/Third-Party Plaintiffs during the period of petroleum

discharge.  If Plaintiffs' did owe Third-Party Defendants or Defendants/Third-Party Plaintiffs

during this period, Plaintiffs did not breach their duty or duties.

**AS AND FOR PLAINTIFFS'**
**TWELFTH AFFIRMATIVE DEFENSE**

24.     No acts or omissions of Plaintiffs or their agents or representatives were

the actual, proximate, or legal causes of any of the damages, costs, or injuries alleged in the

Third-Party Complaint.

**AS AND FOR PLAINTIFFS'**
**THIRTEENTH AFFIRMATIVE DEFENSE**

25.     Damages, if any, are diminished in whole or in part by Third-Party

Defendants' or Defendants/Third-Party Plaintiffs' failure to mitigate.

**AS AND FOR PLAINTIFFS'**
**FOURTEENTH AFFIRMATIVE DEFENSE**

26.     Third-Party Defendants' damages and Defendant/Third-Party Plaintiffs'

damages are speculative.


**AS AND FOR PLAINTIFFS'**
**FIFTEENTH AFFIRMATIVE DEFENSE**

27.     Third-Party Defendant and/or Defendants/Third-Party Plaintiffs are not

entitled to an award of attorneys' fees, costs, or disbursements.


**AS AND FOR PLAINTIFFS'**
**SIXTEENTH AFFIRMATIVE DEFENSE**

28.     Third-Party Defendant and/or Defendants/Third-Party Plaintiffs are not

entitled to common law indemnification or contribution.


**AS AND FOR PLAINTIFFS'**
**SEVENTEENTH AFFIRMATIVE DEFENSE**

29.     Third-Party Defendant and/or Defendants/Third-Party Plaintiffs are not

entitled to indemnification or contribution under the Navigation Law.


**AS AND FOR PLAINTIFFS'**
**EIGHTEENTH AFFIRMATIVE DEFENSE**

30.     The relative culpability of each party (whether they are currently named or

not in the Third-Party Complaint), which is or may be liable to contribute to any liability for the

damages alleged by the Third-Party Defendants and/or Defendants/Third-Party Plaintiffs in this

action should be determined in accordance with the decisional and statutory authority of the State

of New York in such cases made and provided; and the equitable share of each party liable from

such contribution should be determined and apportioned in accordance with the relative

culpability of each such party, if any, pursuant to Article 14 of the New York Civil Practice Law

and Rules ("CPLR").


## AS AND FOR PLAINTIFFS'
## NINETEENTH AFFIRMATIVE DEFENSE

31.     If any of the Plaintiffs should be found liable to Third- Party Defendants

and/or Defendants/Third-Party Plaintiffs, and if such liability is found to be equal to fifty percent

(50%) or less of the total liability of all personally liable ( whether they are currently named in

the Third-Party Complaint or not), then pursuant to Article 16 of the CPLR, each Plaintiffs'

liability to Third-Part Defendant and/or Third-Party Plaintiffs should be determined in

accordance with the relative culpability of each person causing or contributing to the total

liability for such loss or damage.


## AS AND FOR PLAINTIFFS'
## TWENTIETH AFFIRMATIVE DEFENSE

32.     Pursuant to Section 15-108 of the New York General Obligations Law,

Third-Party Defendants' and/or Defendants/Third-Party Plaintiffs' possible recovery, if any,

from any of the Plaintiffs must be reduced by the greatest of: (1) any amounts actually received

by any person or entity for any of the costs, damages, and expenses alleged in Third-Party

Plaintiffs' Third-Party Complaint; (2) any amounts stipulated or otherwise agreed to in any

release of, or covenant not to sue, any person or entity for any injuries, costs, damages or

expenses alleged in Third-Party Plaintiffs' Third-Party Complaint; or (3) the equitable share of

the liability of any person or entity who has received, or hereafter receives, any relief from

liability or covenant not to sue with respect to any costs, damages, and expenses alleged in the

Third-Party Plaintiffs' Third-Party Complaint.


### AS FOR THE FIRST COUNTERCLAIM
### AGAINST THIRD-PARTY DEFENDANTS

33.     Plaintiffs' incorporate herein all previous paragraphs of their Answer to

Third-Party Defendants' Counterclaims as if fully set forth herein.


34.     Any discharge of petroleum at, about or from the Property, if established,

was solely or partially caused or contributed to by the acts or omissions of one or both

Third-Party Defendants, or their agents, representatives, or independent contractors.


35.     By virtue of acts or omissions by one or both Third-Party Defendants,

Third-Party Defendants are the parties responsible, in whole or in part, for any loss, damage or

other expenses which are alleged to have been incurred and/or incurred in the future with respect

to responding to and/or remediation the alleged petroleum discharged.


36.     Third-Party Defendants are liable for contribution and/or indemnification,

under §§ 176(8) and 181 of the Navigation Law, Article 14 of the CPLR, contract principles,

common law, and general principles of equity, for all response costs and other damages

incurred or to be incurred in connection with the Property.

## AS FOR THE SECOND COUNTERCLAIM
## <u>AGAINST THIRD-PARTY DEFENDANTS</u>

37.     Plaintiffs' incorporate herein all previous paragraphs of their Answer to Third-Party Defendants' Counterclaims as if fully set forth herein.

38.     Third-Party Defendants are strictly liable pursuant to § 181 of the New York State Navigation Law for all cleanup and removal costs, and all direct and indirect damages incurred or to be incurred in connection with the remediation of the Site.

**WHEREFORE**, the Plaintiffs respectfully request judgment as follows:

1.     Dismissing the Third-Party Defendants' claims in their entirety as against the Plaintiffs;

2.     Awarding judgment in favor of Plaintiffs on their Counterclaims as against Third-Party Defendants;

3.     Awarding Plaintiffs the costs and disbursement of this action;

4.      Awarding Plaintiffs their reasonable attorneys' fees incurred in the defense of this action; and

5.      Such other and further relief this Court deems just, equitable, and proper.

Dated: July 20, 2017
      Buffalo, New York

                     **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
                     Attorneys for Plaintiffs MWS Enterprises, Inc.
                      and KBJ Holding Co., Inc.

By:                                           
                     John T. Kolaga
                     1600 Liberty Building
                     424 Main Street
                     Buffalo, New York  14202
                     (716) 854-3400
                     kolaga@ruppbaase.com

TO:   **PHILLIP LYTLE LLP**
       Attorneys for Third-Party Defendants
       Mil Mart, Inc. and Mildred Logel
       Myriah V. Jaworski, Esq., of Counsel
       One Canalside
       125 Main Street
       Buffalo, New York 14203-2887
       (716) 847-8400
       mjaworski@phillipslytle.com

CC:   **HARRIS BEACH PLLC**
       Attorneys for Defendants/Third-Party Plaintiffs
       Chevron, U.S.A. Inc., Chevron Environmental
        Management Company, Chevron Corporation,
        and Gulf Oil Corporation
       Allison A. Bosworth, Esq. of Counsel
       726 Exchange Street, Suite 1000
       Buffalo, New York  14210
       (716) 200-5050
       abosworth@harrisbeach.com